**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO.: 1:18CR00274 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | |
| KEITH LUNDY | ) | SENTENCING MEMORANDUM |
| | ) | ON BEHALF OF DEFENDANT |
| Defendant. | ) | |

In anticipation of the sentencing scheduled for January 11, 2019, Defendant, Keith Lundy, through counsel, respectfully submits the following Sentencing Memorandum, and requests a sentence which is sufficient, but not greater than necessary, to serve the purposes of federal sentencing under Title 18 U.S.C. § 3553(a).  Mr. Lundy requests this Honorable Court to consider that:

1. He is 43 years old and has never been convicted of a felony.

2. His last contact with the legal system was 19 years ago for a misdemeanor possession of marijuana.  In most courts, possession of marijuana is a non-criminal, minor misdemeanor offense.

3.  This crime was the result of a drug problem.

4.  While incarcerated, the defendant has completed a forty hour substance abuse class.

5.  The defendant has a total criminal history of Zero.

Respectfully Submitted,

_____
JAMES J. MCDONNELL (0005802)
Attorney for Defendant
55 Public Square, Suite 2100

Cleveland, Ohio 44113
(216) 781-2125
jamesjmcdonnell@sbcglobal.net

I.    PROCEDURAL BACKGROUND

On May 30, 2018, the Defendant, Keith Lundy was named in a three count Indictment in

the Northern District of Ohio. He was charged with 1. Attempt with intent to distribute 2.

possession of a firearm in furtherance of drug trafficking and 3. Use of a communication facility.
The Defendant plead guilty to counts one and two by way of a written plea agreement. The
defendant is currently awaiting sentencing, which is set for January 11, 2019 at 11:00AM in
front of Judge Sara Lioi.

II.      SENTENCING FACTORS

Title 18 U.S.C. § 3553(a) provides, in part, that district courts shall impose a sentence
sufficient, but not greater than necessary, to comply with the purposes of sentencing.  These
factors include:

> (1) the nature and circumstances of the offense and the history and
>      characteristics of the defendant;
> (2) the need for the sentence imposed –
>> (A) to reflect the seriousness of the offense, to promote respect for the
>>       law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed educational or vocational
>>       training, medical care, or other correctional treatment in the
>>       most effective manner;
> (3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for --

    (A) the applicable category of offense committed by the applicable

        category of defendant as set forth in the guidelines …;

(5) any pertinent policy statement … [issued by the Sentencing

    Commission];

(6) the need to avoid unwarranted sentence disparities among defendants

with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. 3553(a).

A.      Mr. Lundy's Criminal history score is zero

Mr. Lundy argues that since he has zero (0) criminal history points, he is a first offender.

A sentencing court is empowered, under 18 USC 3553(a), to impose a sentence that

reflects a defendant's status as a true first offender.  The Sixth Circuit has determined that

'… because the defendant had zero points…she might plausibly argue that even category

I ---which applies when a defendant has zero or one criminal history point(s)…overstated

her criminal history to some degree.' United States v. Dane, 533 F.3d 441 (6th Cir.2008).

Other circuit courts have uniformly recognized that a defendant's complete lack of any

criminal history can support a lower sentence.  United States v. Paul, 561 F.3d 970 (9th

Cir. 2009) (where a defendant convicted of embezzlement and guidelines 10-16 months,

court's within guideline sentence of 15 months is unreasonably high in part because the

defendant was a first-time offender with no criminal record whatsoever).

This is also supported by the Sentencing Commission's report "Recidivism and the First Offender".  This report found that offenders with zero criminal history points are less likely to recidivate than all other offenders.  Offenders with zero criminal history points have lower recidivism rates than offenders with one or more criminal history points.

III.     CONCLUSION

For the foregoing reasons, Mr. Lundy respectfully requests that the Court impose a sentence that is sufficient, but not greater than necessary, to serve the purposes of sentencing in light of the factors set forth in Title 18 U.S.C. § 3553.

Defendant further requests that he be allowed to self-report so that he can spend some time with his family and take care of some financial matters.  Mr. Lundy further requests that this Honorable court recommend that he be accepted into the RDAP program and that he be incarcerated at Morgantown.

## CERTIFICATE OF SERVICE

A copy of the foregoing Sentencing Memorandum has been electronically served upon Margaret Sweeney , Assistant United States Attorney, 801 West Superior Avenue, Cleveland, Ohio 44113 on this day of _____ January, 2019.

__/jamesjmcdonnell
JAMES J. MCDONNELL (0005802)
Attorney for Defendant