**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:18-cr-274 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| KEITH LUNDY, | ) | |
| | ) | |
| DEFENDANT. | ) | |

On January 11, 2019, defendant Keith Lundy ("Lundy" or "defendant") was sentenced to an aggregate term of imprisonment of 123 months, following his guilty pleas to attempted possession with intent to distribute fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), 846; and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). (Doc. No. 33 (Judgment); *see* Doc. No. 24 (Plea Agreement).) Now before the Court is Lundy's *pro se* motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines. (Doc. No. 90 (Motion).) Appointed counsel elected to not file a supplement, and the government filed an opposition to the motion. (Doc. No. 94 (Response).)

The Court employs a two-step approach to deciding whether to reduce a sentence based on a retroactive amendment to the federal sentencing guidelines. First, the Court must consider the scope of the reduction authorized by the amendment, and then it must consider whether such a reduction is warranted based on the factors set forth in 18 U.S.C. § 3582(a). *Dillon v. United States*, 560 U.S. 817, 826, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010).

In his motion, Lundy asks the Court to reduce his sentence under Amendment 821, suggesting that he qualifies for a sentence reduction as a "zero point offender." (*See* Doc. No. 90, at 2.) Part B of Amendment 821 creates a new U.S.S.G. § 4C1.1 that permits a two-level reduction for certain offenders with zero criminal history points.[1] U.S.S.G. § 4C1.1. The Amendment, effective November 1, 2023, was given retroactive effect, provided that any order reducing a term of imprisonment based on retroactive application of Amendment 821 have an effective date of February 1, 2024, or later. *See* U.S.S.G. § 1B1.10(d) and (e)(2).

At the time of sentencing, Lundy's prior criminal convictions resulted in a criminal history score of zero. (*See* Doc. No. 28 (Final PSR), at 7 ¶ 43.) Lundy is not entitled to relief under Part B of Amendment 821, however, because he pleaded guilty to possessing a firearm in furtherance of a drug offense. (*See* Doc. Nos. 24, 33; *see also* Minutes of Proceedings [non-document], 09/28/2018.) This conviction precludes a reduction under § 4C1.1(a)(7). He is, therefore, ineligible for a sentencing reduction based on Part B of Amendment 821 concerning "zero point offenders." Further, because Lundy is ineligible for a sentence reduction based on the Amendment, the Court does not proceed to the second step of evaluating whether the factors under 18 U.S.C. § 3553(a) justify reducing the sentence.

---

[1] Specifically, § 4C1.1 allows for the two-level downward adjustment provided the offender meets *all* of the following criteria: (1) the defendant did not receive any criminal history points; (2) the defendant did not receive an adjustment under § 3A1.4; (3) the defendant did not use violence or credible threats of violence in connection with the offense; (4) the offense did not result in death or serious bodily injury; (5) the instant offense of conviction is not a sex offense; (6) the defendant did not personally cause substantial financial hardship; (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense; (8) the instant offense of conviction is not covered by § 2H1.1; (9) the defendant did not receive an adjustment under § 3A1.1; and (10) the defendant did not receive an adjustment under § 3B1.1 (aggravating role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848. *See* § 4C1.1(a)(1)–(10).

For the foregoing reasons, defendant's motion to reduce his sentence (Doc. No. 90) is DENIED.

**IT IS SO ORDERED**.

Dated: January 18, 2024

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　**HONORABLE SARA LIOI**
　　　　　　　　　　　　　　　　　　　　　　　　　**CHIEF JUDGE**
　　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT COURT**